UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13CV-8-R

**BRIAN KEITH COMBS**                                                                                           **PLAINTIFF**

v.

**TAYLOR COUNTY DETENTION CENTER** *et al.*                                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff initiated this *pro se* civil action under 42 U.S.C. § 1983 alleging violation of his constitutional rights.  At the time Plaintiff filed the complaint, he was incarcerated at the Warren County Jail in Williamsport, Indiana.  The Court granted Plaintiff's application to proceed without the prepayment of fees on February 6, 2013, directing the Warren County Jail to deduct payments from Plaintiff's prison trust account toward payment of the filing fee.  However, on February 8, 2013, Plaintiff filed a notice stating that he was released from incarceration but that he wished to continue to proceed in this action *in forma pauperis*.  On February 26, 2013, the Court entered an Order directing that Plaintiff must file a fully completed non-prisoner application to proceed without prepayment of fees within 30 days.  The Order stated, "Plaintiff is WARNED that failure to comply with this Order within 30 days will result in dismissal of this action."  Plaintiff failed to file a non-prisoner application to proceed without prepayment of fees or otherwise to respond to that Order.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other

procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.010